United States District Court
Southern District of Texas

**ENTERED**

December 02, 2020

David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| HILARY LORMAN | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-20-548 |
| | § | |
| FAMILY DOLLAR, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

Hilary Lorman worked for Family Dollar Stores from September 2016 until May 12, 2018, when, according to her, she was constructively discharged. On September 27, 2018, Lorman filed a Charge of Discrimination with the Equal Employment Opportunity Commission, alleging disability discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* The EEOC issued Lorman a right-to-sue letter on May 9, 2019. Lorman filed this suit on February 11, 2020, and effected service on Family Dollar on August 26, 2020.

Family Dollar moves to dismiss Lorman's complaint under Federal Rule of Civil Procedure 12(b)(1), for lack of subject-matter jurisdiction due to Lorman's delay in filing suit, and under Rule 12(b)(6), for failure to state a claim on which relief can be granted. Lorman responded, and Family Dollar replied. (Docket Entry Nos. 10, 11). The pleadings and record show that Lorman filed this suit after the ADA's 90-day deadline expired. This case is dismissed for lack of subject-matter jurisdiction. The reasons are set out below.

A plaintiff filing a disability-discrimination claim under the ADA must file their suit within 90 days of receiving their right-to-sue letter from the EEOC, or the suit is untimely. 42 U.S.C. § 12117(a); *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788–89 (5th Cir. 1996) (per curiam). If an

ADA-discrimination lawsuit is filed even one day too late, it is subject to dismissal. *See Garcia v. Penske Logistics*, L.L.C., 631 F. App'x 204, 207–08 (5th Cir. 2015) (per curiam) (under the ADA, a plaintiff "must file her civil suit within ninety days of receipt of a right-to-sue-letter" (emphasis omitted)); *Dade v. Sw. Bell Telephone*, 942 F. Supp. 312, 317 (S.D. Tex. 1996) ("As in Title VII cases, Plaintiff *must* file her complaint within 90 days of receiving the right-to-sue letter, or suit will be untimely").

Lorman did not file her ADA claim within the 90-day window. The EEOC issued Lorman's right-to-sue letter on May 9, 2019. Lorman's window to file her claim expired on August 7, 2019. Her first case against Family Dollar, filed on August 12, 2019, was untimely. Even if it was timely, that case was dismissed, without prejudice, for want of prosecution on October 22, 2019, and Lorman did not file this action until February 11, 2020, nine months after the right-to-sue letter was issued. The dismissal of a timely claim does not toll the 90-day deadline for subsequent filings. *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) ("If a Title VII complaint is timely filed . . . and is later dismissed, the timely filing of the complaint does not toll the ninety-day limitations period."); *Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1027 (5th Cir. 1988) (per curiam). Even assuming that this case began with Lorman's December 2, 2019, application to proceed without prepaying fees or costs, her suit would be at least 41 days late.

Equitable tolling, or extension, is not available here. The record does not disclose any extraordinary or rare circumstances justifying equitable tolling. To the contrary, Lorman did not diligently prosecute either her first lawsuit or this lawsuit. She did not serve Family Dollar in the first lawsuit before it was dismissed, and she did not effect service in this lawsuit until August 26, 2020, eight months after filing. Additionally, there are not enough days to toll to bring Lorman's claims within the 90-day window. Even if the court were to toll the entirety of Lorman's first

lawsuit, the additional delay—41 days until her application to proceed without prepaying costs and fees, over 100 days until she filed this lawsuit—takes Lorman well past the 90-day deadline. Because there is no basis for equitable tolling, any amendment to her complaint would be futile.

This case is dismissed for want of jurisdiction. Lorman's request to amend her complaint is denied. An order of dismissal is entered separately.

SIGNED on December 1, 2020, at Houston, Texas.

_____

Lee H. Rosenthal
Chief United States District Judge